# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF WISCONSIN
# MILWAUKEE DIVISION

| | |
|---|---|
| KENNETH GLENN BUTTERA, <br><br> Plaintiff, <br><br> v. <br><br> TRANSWORLD SYSTEMS, INC., <br><br> Defendant. | CIVIL COMPLAINT <br><br><br> CASE NO. 2:17-cv-00562 <br><br> DEMAND FOR JURY TRIAL |

## COMPLAINT

NOW comes KENNETH GLENN BUTTERA ("Plaintiff"), by and through his attorneys, Sulaiman Law Group, Ltd. ("Sulaiman"), complaining as to the conduct of TRANSWORLD SYSTEMS, INC. ("Defendant") as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. §1692 *et seq.*, the Telephone Consumer Protection Act ("TCPA") under 47 U.S.C. §227 *et seq.*, and the Wisconsin Consumer Act ("WCA") under Wis. Stat. §427 *et seq.* for Defendant's unlawful conduct.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FDCPA and TCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C. §1692, 47 U.S.C §227, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. §1367.

1

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Eastern District of Wisconsin and a substantial portion of the events or omissions giving rise to the claims occurred within the Eastern District of Wisconsin.

## PARTIES

4. Plaintiff is a 30 year-old natural person residing at 5120 14th Avenue, Apartment 3, Kenosha, Wisconsin, which lies within the Eastern District of Wisconsin.

5. Plaintiff is a "person" as defined by 47 U.S.C. §153(39).

6. Plaintiff is a "consumer" as defined by §1692a(3) of the FDCPA.

7. Plaintiff is a "customer" as defined by §421.301(17) of the WCA.

8. Defendant is a third-party debt collection agency, and according to its website, it claims that it is "FDCPA Compliant."[1] Defendant is incorporated in California and its principal place of business is located at 507 Prudential Road, Horsham, Pennsylvania. Defendant regularly collects upon consumers located in Wisconsin.

9. Defendant is a "debt collector" and "creditor" as defined by §427.103(3) and §421.301(16) of the WCA, respectively, because it regularly engages in consumer credit transactions uses the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

10. Defendant is a "debt collector" as defined by §1692a(6) of the FDCPA , because it regularly use the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts. Defendant is also a member of ACA International, an association of credit and collection professionals.[2]

11. The subject debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

---

[1] https://www.tsico.com/about-tsi/our-company/
[2] http://www.acainternational.org/search#memberdirectory

12. Defendant is a "person" as defined by 47 U.S.C. §153(39).

13. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

**FACTS SUPPORTING CAUSES OF ACTION**

14. In approximately 2009, Plaintiff entered into an obligation with Great Lakes Educational Loan Services, Inc. ("Great Lakes") for a student loan in order to further his education. *See* attached Exhibit A for a true and correct copy of an affidavit signed by Plaintiff.

15. Towards the end of 2015, Plaintiff began receiving calls to his cellular phone, (262) XXX-7773 from Defendant. *See* Exhibit A.

16. At all times relevant to the instant action, Plaintiff was the sole subscriber, owner, and operator of the cellular phone ending in 7773. Plaintiff is and always has been financially responsible for the cellular phone and its services.

17. The phone number that Defendant most often uses to contact Plaintiff is (630) 618-2731, but upon belief, it has used other phone numbers as well. *Id.*

18. Upon information and belief, the phone number ending in 2731 is regularly utilized by Defendant during its debt collection activity.

19. When Plaintiff answers calls from Defendant, he experiences a brief pause, lasting approximately three to five seconds in length, before a live representative begins to speak. *Id.*

20. Upon speaking with Defendant, Plaintiff was informed that it was seeking to collect upon outstanding student loan debt owed to Great Lakes. *Id.*

21. Plaintiff notified Defendant's representative that he was not in a position to make payment, and demanded that it stop contacting him. *Id.*

3

22. Plaintiff has told Defendant to stop calling him on a number of occasions. *Id.*

23. Despite Plaintiff's demands, Defendant has continued to relentlessly call his cellular phone up until the date of the filing of this complaint. *Id.*

24. Defendant has called Plaintiff's cellular phone multiple times during the same day, even after being told on multiple occasions that he did not wish to be contacted. *Id.*

25. Defendant has even called Plaintiff's landlord, asking to speak with Plaintiff for the purpose of collecting upon the debt. *Id.*

26. Defendant also emails Plaintiff on a regular basis, seeking to collect upon the debt. *Id.*

27. Plaintiff has regularly received a litany of phone calls from Defendant for the last year and a half, after telling it to stop calling him. *Id.*

28. Plaintiff is disabled, and Defendant's phone calls have added more stress to his daily life, and have worsened his physical condition overall. *Id.*

29. Defendant's harassing phone calls have also influenced Plaintiff to discontinue his education, as he feels that if he re-enrolls in school, he will continue to receive constant phone calls. *Id.*

30. Frustrated over Defendant's conduct, Plaintiff spoke with Sulaiman regarding his rights, resulting in expenses.

31. With the goal of specifically addressing Defendant's conduct, Plaintiff has expended approximately $68.00 to purchase and maintain an application subscription on his cellular phone to block the calls, resulting in pecuniary loss. *Id.*

32. Plaintiff has been unfairly and unnecessarily harassed by Defendant's actions.

33. Plaintiff has suffered concrete harm as a result of Defendant's actions, including but not limited to, invasion of privacy, aggravation that accompanies collection telephone calls, emotional

4

distress, increased risk of personal injury resulting from the distraction caused by the never-ending calls, increased usage of his telephone services, loss of cellular phone capacity, diminished cellular phone functionality, decreased battery life on his cellular phone, and diminished space for data storage on his cellular phone.

<u>COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT</u>

34. Plaintiff repeats and realleges paragraphs 1 through 33 as though fully set forth herein.

### a. Violations of FDCPA §1692b & c(b)

35. The FDCPA, pursuant to 15 U.S.C. §1692b, prohibits a debt collector from "communicating with any person other than the consumer for the purpose of acquiring location information about the consumer," and under §1692b(3), "shall not communicate with any such person more than once unless requested to do so by such person or unless the debt collector reasonably believes that the earlier response of such person is erroneous or incomplete and that such person now has correct or complete location information." Furthermore, under §1692c(b), "without the prior consent of the consumer given directly to the debt collector…a debt collector may not communicate, in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency…the attorney of the creditor, or the attorney of the debt collector."

36. Defendant violated §1692b, b(3), and c(b) by contacting Plaintiff's landlord on more than one occasion seeking to collect upon Plaintiff's debt.

### b. Violations of FDCPA §1692c(a)(1) and §1692d

37. The FDCPA, pursuant to 15 U.S.C. §1692d, prohibits a debt collector from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." §1692d(5) further prohibits, "causing a telephone to

5

ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number."

38. Defendant violated §1692c(a)(1), d, and d(5) when it continuously called Plaintiff after being notified to stop. This repeated behavior of systematically calling Plaintiff's phone over and over after he demanded that it cease contacting him was harassing and abusive. Even after being told that he was not in a position to make payment and to stop contacting him, Defendant continued its onslaught of phone calls and emails with the specific goal of oppressing and abusing Plaintiff.

39. Furthermore, Defendant has relentlessly called Plaintiff on a regular basis for the past year and a half. This volume of calls shows that Defendant willfully ignored Plaintiff's pleas with the goal of annoying and harassing him.

40. Defendant was notified by Plaintiff that its calls were not welcomed. As such, Defendant knew that its conduct was inconvenient and harassing to him.

   c. **Violations of the FDCPA § 1692e**

41. The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

42. In addition, this section enumerates specific violations, such as:

> "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. §1692e(10).

43. Defendant violated §1692e and e(10) when it used deceptive means to collect and/or attempt to collect the alleged debt. Despite being told to stop calling, Defendant continued to relentlessly contact Plaintiff for a year and a half, up until the present day. Instead of stopping this behavior, Defendant continued to systematically place calls to Plaintiff's cellular phone in a deceptive attempt to force him to answer its calls. When Plaintiff would not answer Defendant's

6

phone calls, it would send him an email seeking to collect. Through its conduct, Defendant misleadingly represented to Plaintiff that it had the legal ability to contact him via an automated system when it no longer had consent to do so.

### d. Violations of FDCPA § 1692f

44. The FDCPA, pursuant to 15 U.S.C. §1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

45. Defendant violated §1692f when it unfairly and unconscionably attempted to collect on a debt by continuously calling Plaintiff and sending him collection emails even after he notified it to stop contacting him. Attempting to coerce Plaintiff into payment by placing voluminous phone calls after being notified to stop calling is unfair and unconscionable behavior. These means employed by Defendant only served to worry and confuse Plaintiff.

46. As pled in paragraphs 27 through 33, Plaintiff has been harmed and suffered damages as a result of Defendant's illegal actions.

WHEREFORE, Plaintiff, KENNETH GLENN BUTTERA, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

c. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3);

e. Enjoining Defendant from further contacting Plaintiff; and

f. Awarding any other relief as this Honorable Court deems just and appropriate.

## COUNT II – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

47. Plaintiff repeats and realleges paragraphs 1 through 46 as though fully set forth herein.

48. The TCPA, pursuant to 47 U.S.C. § 227(b)(1)(iii), prohibits calling persons on their cellular phone using an automatic telephone dialing system ("ATDS") without their consent. The TCPA, under 47 U.S.C. § 227(a)(1), defines an ATDS as "equipment which has the capacity...to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers."

49. Defendant used an ATDS in connection with its communications directed towards Plaintiff's cellular phone. The brief pause, lasting approximately three to five seconds in length, that Plaintiff experiences before being connected with one of Defendant's live representatives is instructive that an ATDS is being utilized to generate the phone calls. Similarly, the nature and frequency of Defendant's contacts points to the involvement of an ATDS.

50. Defendant violated the TCPA by placing phone calls to Plaintiff's cellular phone using an ATDS without his consent. Any consent Plaintiff *may* have given to be contacted by Defendant using an ATDS was explicitly revoked upon his demands to cease contact.

51. The calls placed by Defendant to Plaintiff were regarding business transactions and not for emergency purposes as defined by the TCPA under 47 U.S.C. §227(b)(1)(A)(i).

52. Under the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(B), Defendant is liable to Plaintiff for at least $500.00 per call. Moreover, Defendant's willful and knowing violations of the TCPA should trigger this Honorable Court's ability to triple the damages to which Plaintiff is otherwise entitled to under 47 U.S.C. § 227(b)(3)(C). Defendant received prompts to cease calling, but it defied those demands and continued to harass Plaintiff.

8

WHEREFORE, Plaintiff, KENNETH GLENN BUTTERA, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff damages of at least $500.00 per phone call and treble damages pursuant to 47 U.S.C. §§ 227(b)(3)(B)&(C);

c. Awarding Plaintiff costs and reasonable attorney fees;

d. Enjoining Defendant from further contacting Plaintiff; and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT III – VIOLATIONS OF THE WISCONSIN CONSUMER ACT

53. Plaintiff restates and realleges paragraphs 1 through 52 as though fully set forth herein.

54. The WCA states:

> "In attempting to collect an alleged debt arising from a consumer credit transaction or other consumer transaction…a debt collector may not…engage in other conduct which can reasonably be expected to threaten or harass the customer or a person related to the customer." Wis. Stat. §427.104(1)(h)

55. Defendant violated §427.104(1)(h) by engaging in harassing conduct in contacting Plaintiff. It was unfair for Defendant to relentlessly contact Plaintiff through means of an ATDS after he notified it to stop calling him. Defendant ignored Plaintiff's demands and continued to systematically place calls to his cellular phone for a year and a half without his consent. Following its characteristic behavior in placing voluminous calls to consumers, Defendant engaged in harassing behavior, willfully done with the hope that Plaintiff would be compelled to make payment.

56. Defendant also placed multiple calls to Plaintiff's cellular phone in the same day, even after being told to cease calling. Placing several calls in a short amount of time is extremely harassing behavior, especially after being told by Plaintiff that he does not wish to be contacted.

57. The WCA was designed to protect consumers, such as Plaintiff, from the exact behavior committed by Defendant.

58. The WCA further states that "in attempting to collect an alleged debt arising from a consumer credit transaction…a debt collector may not:"

> "Claim, or attempt or threaten to enforce a right with knowledge or reason to know that the right does not exist." Wis. Stat. §427.104(1)(j)

59. Defendant violated §427.104(1)(j) by continuing to place calls to Plaintiff's cellular phone after he told it to stop calling. Through its conduct, Defendant misleadingly represented to Plaintiff that it had the legal ability to contact him via an automated system when it no longer had consent to do so.

60. As pled in paragraphs 27 through 33, Plaintiff has suffered actual damages as a result of Defendant's unlawful practices. As such, Plaintiff is entitled to relief pursuant to §427.105.

61. Defendant's conduct was outrageous, willful and wanton, and showed a reckless disregard for the rights of Plaintiff. Defendant acted in defiance of Plaintiff's prompts. Plaintiff demanded that Defendant stop contacting him, but yet, he was still bombarded with collection phone calls from Defendant. Defendant even called Plaintiff's landlord in an attempt to collect upon the debt, which created additional stress for Plaintiff. Although Defendant assures the public that it is compliant with the FDCPA, its conduct here could not be further from compliant. In an unfair and deceptive manner, Defendant has called and emailed Plaintiff for the past year and a half after he told it to stop contacting him. This onslaught of phone calls and emails was an attempt by

10

Defendant to harass Plaintiff into submission and to ultimately maximize its profits. After Plaintiff told it to stop calling, Defendant had more than enough information to know that it should not continue calling his phone. Defendant falsely and deceptively represented that it had the legal ability to contact Plaintiff seeking collection of debt when it did not. Upon information and belief, Defendant regularly engages in the above described behavior against consumers in Wisconsin and for public policy reasons should be penalized.

WHEREFORE, Plaintiff, KENNETH GLENN BUTTERA, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff actual damages pursuant to §427.105, in an amount to be determined at trial, for the underlying violations;

c. Awarding Plaintiff costs and reasonable attorney fees pursuant to §425.308(1)-(2);

d. Enjoining Defendant from further contacting Plaintiff; and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: April 20, 2017                               Respectfully submitted,

s/ Nathan C. Volheim                                s/Taxiarchis Hatzidimitriadis
Nathan C. Volheim, Esq. #6302103                    Taxiarchis Hatzidimitriadis, Esq. #6319225
Counsel for Plaintiff                               Counsel for Plaintiff
Admitted in the Eastern District of Wisconsin       Admitted in the Eastern District of Wisconsin
Sulaiman Law Group, Ltd.                            Sulaiman Law Group, Ltd.
900 Jorie Boulevard, Suite 150                      900 Jorie Boulevard, Suite 150
Oak Brook, Illinois 60523                           Oak Brook, Illinois 60523
(630) 575-8181 x113 (phone)                         (630) 575-8181 x110 (phone)
(630) 575-8188 (fax)                                (630) 575-8188 (fax)
nvolheim@sulaimanlaw.com                            thatz@sulaimanlaw.com